UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICHARD CALHOUN, ) | Case No.: 1:08 CV 463 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| MANAGEMENT TRAINING CORP, et al., ) | AND ORDER |
| ) | |
| Defendants. ) | |

On February 25, 2008, pro se plaintiff Richard Calhoun filed this action under 42 U.S.C. § 1983 against Management Training Corporation ("MTC"), Ohio Department of Rehabilitation and Correction ("ODRC") Director Terry Collins, Lake Erie Correctional Institution ("LECI") Health Care Administrator Donna Teare, RN, and First Correction Medical Physician Jane Owen. In the complaint, Mr. Calhoun alleges that the defendants were deliberately indifferent to his serious medical needs. He seeks an order from this court compelling "full and complete medical treatment of his injury," an injunction prohibiting them from retaliating against him for filing this lawsuit, and monetary damages. (Compl. at 8.) Mr. Calhoun also filed an Application to Proceed In Forma Pauperis. That Application is granted

**Background**

Mr. Calhoun was transferred from the Lorain Correctional Institution to LECI on August 1, 2007. At the Lorain Correctional Institution, Mr. Calhoun enjoyed a bottom bunk restriction because he has two pins in his left ankle from a surgery that took place in August 2002.

Upon arriving at LECI, he informed Ms. Teare of the pins and requested that the bottom bunk restriction be continued. She denied his request, stating that restrictions must be issued by the institution's physician. He attempted to protest but she would not yield in her adherence to the rule.

An appointment with Dr. Owen was scheduled for August 16, 2007. Mr. Calhoun pointed out the location of the pins and informed the doctor that climbing onto the top bunk over the previous weeks had caused pain and swelling in the ankle. Dr. Owen stated that she did not see swelling in the ankle and denied the bottom bunk restriction. She offered to schedule a procedure to remove the pins, but Mr. Calhoun declined to have the pins removed while he was in prison.

Mr. Calhoun continued to seek the bottom bunk restriction. He claims that he submitted two requests to be seen by Dr. Owen in November 2007, but received no response. He obtained an appointment with a nurse on December 3, 2007 who invited him to submit his request a second time. She opined that he should not be on a top bunk with "hardware" in his ankle. (Compl. at 4.) The nurse gave him some Ibuprofen and told him to soak his ankle in hot water as necessary to ease any soreness. Dr. Owen disagreed with the nurse's statements during plaintiff's appointment on December 13, 2007. She reported that Mr. Calhoun's ankle was within the normal limits. She denied the bottom bunk restriction and refused to write a prescription for pain medication. He filed grievances contesting the denial of the restriction. None of the grievances produced the desired result.

Mr. Calhoun has now filed the within action based on these allegations. He indicates that Management Training Corp, which owns and operates LECI, and ODRC Director Terry Collins, failed to properly intervene to rectify the situation. He asserts that Nurse Teare "denied plaintiff adequate medical care by subjecting plaintiff to cruel and unusual punishment in [the] form of

2

deprivation of low bunk, denial of health care in emergency condition." (Compl. at 6.) He also asserts that she "falsified medical information for [the] purpose of violating plaintiff's rights to be free from retaliation for filing grievance[s] and exercis[ing] of his right to medical treatment of injury... ." (Compl. at 6.) Finally he claims that Dr. Owens failed to treat his injury, deprived him of his low bunk restriction and "engaged in concerted action with other defendants to violate his rights to proper medical care." (Compl. at 6.) Paperwork submitted to the court on March 5, 2008 indicates that Mr. Calhoun is no longer in prison.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, Mr. Calhoun has not set forth a valid claim against Management Training Corporation or Terry Collins. It is well established that section 1983 will not support a claim based upon a theory of respondeat superior alone. Polk County v. Dodson, 454 U.S. 312, 325

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

(1981). Supervisory officials may not be deemed liable for the unconstitutional actions of subordinates where the allegation of liability is based upon a mere failure to act. Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir.1999) (citing Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (1989)). Rather, the supervisors must have actively engaged in unconstitutional behavior. Id. Liability must lie upon more than a mere right to control employees and cannot rely on simple negligence. Id. Plaintiff must prove that these defendants did more than play a passive role in the alleged violations or show mere tacit approval of the events. Id. Plaintiff must show that the supervisors somehow encouraged the actions of their employees. Id.; see also Copeland v. Machulis, 57 F.3d 476, 481 (6th Cir.1995). There are no allegations in the complaint that reasonably suggest that either Management Training Corporation or Terry Collins were even aware of the situation or that they took an active role in the decisions to which Mr. Calhoun objects.

Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The Supreme Court in Wilson v. Seiter, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. Id.. Seriousness is measured in response to "contemporary standards of decency." Hudson v. McMilian, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. Id. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. Id. at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. Id. A prison official violates the Eighth Amendment only when

4

both the objective and subjective requirements are met. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Mr. Calhoun fails to set forth allegations which reasonably support the elements of this cause of action. In order to establish a claim for inadequate medical care under the Eighth Amendment, plaintiff must demonstrate that the defendants acted with deliberate indifference to his serious medical needs. Farmer v. Brennan, 511 U.S. 825, 835 (1994). An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. Id. at 837. Mere negligence will not suffice. Id. at 835-36. Consequently, allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim. Moreover, where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." Westlake v. Lucas, 537 F.2d 857, 860 n. 5. (6th Cir. 1976). He claims that he has pins in his ankle from a surgery he had in 2002. The pins could be removed but Mr. Calhoun declined to have the procedure done in prison. He claims that having to climb into the top bunk rendered his ankle swollen and tender. The treating physician on two occasions did not see swelling. At best, this is a difference of opinion over the need for a bottom bunk restriction. It is not a conscious disregard of a substantial risk of serious harm that gives rise to an Eighth Amendment violation.

Finally, Mr. Calhoun includes claims of retaliation. There are no facts in the complaint regarding retaliation by any of the defendants. The claim is stated solely as a legal conclusion. A complaint must contain either direct or inferential allegations respecting all the

5

material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see also, Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory section 1983 claim dismissed).

## Conclusion

Accordingly, plaintiff's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATE DISTRICT JUDGE

May 20, 2008

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.